Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, and with minor amendments, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
EVIDENTIARY RULING
All objections raised by counsel at the deposition of Dr. Richard Adams are ruled upon in accordance with applicable provisions of the law and in accordance with the Opinion and Award in this case.
****************
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the deputy commissioner and in the Pre-trial Agreement as
STIPULATIONS
All stipulations contained in the aforementioned Pre-trial Agreement are incorporated herein by reference. Additionally, the parties stipulated to medical records, which were submitted along with the Pre-trial Agreement. The parties also submitted the deposition of Dr. Richard Adams, which contained his medical records as an exhibit and also the medical records of Dr. Robert Underdal as an exhibit.
****************
Based upon all the competent evidence adduced at the hearing, the Full Commission makes the following
FINDINGS OF FACTS
1. At the time of hearing, plaintiff was 26 years old, with a date of birth of 19 November 1965. Plaintiff completed the twelfth grade of high school and received a high school diploma. Plaintiff's work history consisted of being a kitchen helper, fast foods worker, baling-machine tender, and straight-line edger in a factory. Prior to the subject injury, plaintiff had received 6 4/7 weeks of compensation following a back injury on May 6, 1987 (I.C. #726606).
2. On 25 April 1988, plaintiff sustained an admittedly compensable injury by accident when he bent over and lifted a sheet of glass, causing a strain to his lumbar spine. Plaintiff was out of work on account of lumbosacral strain. Plaintiff returned to work following his injury, and a Form 26 agreement for a ten percent (10%) disability of the back was entered on 20 February 1989.
3. Plaintiff subsequently reopened his claim for a change of condition on 25 January 1991 and the parties thereafter entered into a Form 26 agreement to pay compensation on 5 March 1991. Since this time, plaintiff has unsuccessfully tried employment at the Holiday Inn in Wilkesboro as a dishwasher and at an apple orchard in Taylorsville, North Carolina. Plaintiff has been receiving temporary total disability benefits on a weekly basis pursuant to an executed and approved Form 26 agreement.
4. Plaintiff's treating physician, Dr. Richard Adams, has diagnosed plaintiff as having degenerative disc disease at L4-L5, which plaintiff's obesity has exacerbated. While plaintiff's inactivity due to injury was a precipitating factor, Dr. Adams does not attribute all of plaintiff's weight gain to plaintiff's compensable injury by accident, since plaintiff has always been overweight and obesity runs in his family. Plaintiff is 5'11", and at the time of the hearing before the Deputy Commissioner, weighed over 350 pounds.
5. Plaintiff's treating physician, Dr. Richard Adams, is of the opinion that plaintiff can perform the physical duties of sedentary or light duty employment, if within his skills. Dr. Adams stated in his deposition that plaintiff would benefit from a return to employment. Dr. Adams recommended that plaintiff enroll in a weight loss and exercise program with a local YMCA and be retrained for sedentary employment. Plaintiff is physically capable of performing sedentary work. Despite vocational assistance, he has not obtained suitable employment.
6. Plaintiff has not proven by the greater weight of the evidence that he is permanently and totally disabled. Plaintiff's lumbosacral strain is aggravated by plaintiff's obesity. Plaintiff's pre-existing weight problem is a contributing factor to his disability, and it is a condition over which plaintiff can exercise some control. A weight control program under the supervision of his treating physician, and retraining for sedentary employment actually available, may reasonably be expected to shorten the period of plaintiff's total disability.
****************
The foregoing findings of fact engender the following additional
CONCLUSIONS OF LAW
1. As a result of the injury by accident giving rise hereto, plaintiff was rendered temporarily totally disabled through the date of the hearing before the Deputy Commissioner, for which plaintiff is entitled to compensation at the rate of $162.53 per week during continuing total disability. N.C. Gen. Stat. § 97-29.
2. Plaintiff is entitled to payment by defendants of all medical compensation expenses arising from his compensable injury, including rehabilitation in the nature of a weight loss and exercise program and evaluation and training for sedentary employment, as recommended by his treating physician. N.C. Gen. Stat. §§ 97-25; 97-2(19).
****************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Subject to the counsel fee hereinafter approved, defendants shall pay to plaintiff compensation at the rate of $162.53 per week, continuing as long as plaintiff remains temporarily and totally disabled, and until otherwise ordered by the Commission.
2. A reasonable attorney fee in the amount of twenty-five percent (25%) of the compensation benefits payable herein is approved for plaintiff's attorney. Said attorney's fee shall be paid directly to plaintiff's counsel with every fourth week of compensation benefits payable under the terms of this Opinion and Award, beginning on the filing date of the hearing Deputy's Opinion and Award.
3. Defendants shall pay all medical expenses incurred by plaintiff for treatment of the injury by accident giving rise hereto, when bills for the same shall have been submitted to defendants and approved in accordance with the rules of the Industrial Commission, including those for a local YMCA weight loss and exercise program, or other similar program recommended by his treating physicians, and evaluation for retraining for sedentary work. It is FURTHER ORDERED that plaintiff shall cooperate with reasonably conducted rehabilitation of this nature.
4. Defendants shall pay the costs due this Commission.
 S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER
S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
JRW:md